# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT DRUMMOND,<br>　　　　Petitioner<br><br>　　　　v.<br><br>JERRY C. MARTINEZ, Warden<br>LSCI Allenwood,<br>　　　　Respondent | No. 3:09cv1258<br><br>(Judge Munley) |

## MEMORANDUM

Before the court is the petitioner's objection (Doc. 11) to Magistrate Judge J. Andrew Smyser's recommendation (Doc. 10) that the petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. §§ 2241 be denied. Having been fully briefed, the matter is ripe for disposition.

## I. BACKGROUND

Petitioner Robert Drummond is currently incarcerated at the Low Security Correctional Institution at Allenwood in White Deer, Pennsylvania ("LSCI Allenwood"). (Pet. for Writ of Habeas Corpus (Doc. 1 at 1)) (hereinafter "Pet."). Petitioner Drummond ("Drummond") is serving the remainder of a 132-month sentence for violating 18 U.S.C. § 2113(A), bank robbery; 18 U.S.C. § 2113(D), armed bank robbery; 18 U.S.C. § 2, aiding and abetting; and 18 U.S.C. § 924(C), possessing and brandishing a firearm during and in relation to a crime of violence. ("Sentence Monitoring Report Sheet", Pet. Ex. B (Doc. 1-3 at 2 to 3)). Petitioner Drummond is projected to be released from Bureau of Prisons ("BOP") custody on July 5, 2010. (Id.)

On October 23, 2008, Drummond's Unit Team reviewed his pre-release needs and recommended a placement date in a residential re-entry center ("RRC") between five and six months (150 to 180 days) prior to his release date. (Pet. at 3; Decl. of Bruce Beaver at 3 (Doc. 7-2 at 4)). According to Bruce Beaver, Case Manager at the LSCI at Allenwood, "it

was determined that this range was of suffiicent duration to provide the greatest likelihood of successful reintegration into the community." (Decl. of Bruce Beaver at 3). On June 23, 2009, Drummond was approved[1] for 180 days in a RRC, preceding his July 5, 2010 release. (Id.)

On July 1, 2009, Drummond filed this petition for a writ of habeas corpus *pro se*, arguing that BOP pre-release policies violate 18 U.S.C. § 3624(c), as amended by the Second Chance Act (Pub.L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692)[2]. Drummond also seeks a writ of mandamus compelling the BOP to consider his RCC placement according to his interpretation of the Second Chance Act. An April 14, 2008 BOP guidance memorandum (Pet. Ex. A (Doc. 1-2 at 2 to 5)) requires a warden

---

[1] This approval was based on [Drummond's] current offense, noting that he committed a crime of violence; available resources within the release district, noting that he has secured residency with his fiancé and has family support upon his release; financial planning, noting that he is not in destitution; employment options/academic history, noting that he has employable skills and has a GED; and his health, noting that he is in good health.

(Decl. of Bruce Beaver at 3; see generally "Inmate Skills Development Plan, Program Review, October 23, 2008" (Doc. 7-2)).

[2] The Second Chance Act (Pub.L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692) re-wrote the pre-release custody placement statute by increasing the maximum pre-release placement period from six to twelve months. 18 U.S.C. § 3624(c)(1). Moreover, it requires the Bureau of Prisons to issue regulations ensuring that RRC placement decisions are made: (A) consistent with the factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

to obtain written concurrence from the regional director before submitting a request to place inmates in an RRC for a period greater than six months, the prior statutory maximum. (Pet. at 2 to 3). The petitioner alleges that the BOP categorically denied him the full twelve-month placement in an RRC by following the April 14, 2008 memorandum, which he contends is "inconsistent" with the Second Chance Act and Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009). (Pet. at 2-3). Petitioner Drummond concedes that he has yet to exhaust any of his administrative remedies, but he argues that he would be further prejudiced by time constraints if he were to exhaust review. (Id. at 3). Magistrate Judge Smyser recommends denying the petition. Petitioner Drummond objects, bringing the case to its present posture.

## II. JURISDICTION

Because this case is brought under 28 U.S.C. §§ 2241, 1361, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## III. STANDARD OF REVIEW

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106

3

(1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A habeas petition and any supporting submissions filed *pro se* must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).  However, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

Petitioner Drummond seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241").  That statute "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001).  The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)).  Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'"  Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242

(3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). The Third Circuit has also found Section 2241 to be the appropriate means to challenge a decision to exclude an inmate from release to an RRC. See Woodall, 432 F.3d at 243-44.

### III. DISCUSSION

### A. Exhaustion of the Petitioner's Administrative Remedies Regarding His RRC/CCC Placement

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981) (per curiam)); e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under Section 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and [because] (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must first attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden of the institution where he is confined. 28 C.F.R. § 542.14. An inmate may then further appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may make

5

an administrative appeal to the BOP's Central Office.  Id.  No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Bureau of Prisons's Central Office.  Id.  If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

However, there are instances where exhaustion may be excused.  The Supreme Court recognizes that: "'it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'"  Rose v. Lundy, 455 U.S. 509, 515-516 (1982) (quoting Ex parte Hawk, 321 U.S. 114, 117 (1944)) (internal quotations and footnote omitted)); e.g. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion of administrative remedies not required where petitioner demonstrates futility); Lyons v. U.S. Marshalls, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "[1] would be futile, [2] if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or [3] if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm").

Petitioner Drummond admits that he did not exhaust (or initiate) the BOP Administrative Remedy Program before filing this petition for a writ of habeas corpus, but argues that he should be excused from that prerequisite.  (Pet. at 3).  The basis of petitioner's excusal argument is that pursuit of BOP administrative remedies (1) would be futile and (2) would

6

cause him irreparable harm (i.e., prejudice).[3]  Petitioner further argues that the exhaustion requirement is not applicable to his petition because he purports to challenge the validity of the BOP guidance memoranda[4], not their application to him.  See Strong, 599 F. Supp. 2d at 561 (citing Woodall, 432 F.3d at 239 n. 2).  The court will address each of petitioner's arguments in turn.

First, in his objections to the magistrate judge's report and recommendation, Petitioner Drummond argues that exhaustion would be futile because, to petitioner's knowledge, other prisoners have similarly challenged the BOP's RRC policies without success, and because no prisoners, to petitioner's knowledge, have been given a RRC period greater than six months.  (Pet'rs Objections at 2 (Doc. 11 at 2)).  While there is some authority for the proposition that the futility exception may be warranted when an agency has firmly indicated it is unwilling to reconsider its position on an issue, that is not the case here.  See e.g. Brown v. Grondolsky, No. 09-3290 2009 WL 2778437 at *2 (D.N.J. August 31, 2009) (finding that it would be premature to assume that administrative appeal of

---

[3] Petitioner makes no argument, and this court finds no colorable claim, that "actions of the agency clearly and unambiguously violate statutory or constitutional rights."  See Lyons, 840 F.2d 205.

[4] Though the petition mentions only the April 14, 2008 policy memorandum, petitioner's traverse and objection to the magistrate judge's recommendation and report both refer to a November 14, 2008 BOP guidance memorandum which the respondent has provided in his brief in opposition to petitioner's objections.  (Resp. Br. in Opp., Gov. Ex. 1 (Doc. 12-2 at 2).  This memorandum largely restates the position of the April 14, 2008 memo, that RRC placements beyond six months requires Regional Director approval, adding they should not be recommended absent "unusual or extraordinary circumstances."

7

a RCC placement would be futile). This court will not yet assume that BOP policy on this issue has solidified to the point that it would automatically dismiss petitioner's pleas if brought through the appropriate administrative channels.[5]

Furthermore, exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is a statutory maximum and not a mandate. See 18 U.S.C. 3624(c)(1)-(6). See Winters v. Warden, FCI Fort Dix, No. 09-4243, 2009 WL 2928549 (D.N.J. September 10, 2009) (dismissing petition for failure to exhaust administrative remedies) ; Brown v. Grondolsky, No. 09-3290, 2009 WL 2778437 (D.N.J. August 31, 2009) (same); Miceli v. Martinez, No. 08-1380, 2008 WL 4279887 (M.D. Pa. September 15, 2008); Malvestuto v. Martinez, No. 09-1339, 2009 WL 2876883 (M.D.Pa. September 01, 2009) (dismissing petition for failure to initiate administrative review); Torres v. Martinez, No. 09- 1070, 2009 WL 2487093 (M.D.Pa. August 12, 2009) (same); Shoup v. Schultz, No. 08-3821, 2009 WL 1544664 at * 3 (D.N.J. June 2, 2009) (same); Cooper v. Grondolsky, No. 09-2970, 2009 WL 2049168 at *4 (D. N.J July 08, 2009) (refusing to excuse petitioner's failure

---

[5] The magistrate judge reached the same conclusion, noting that the BOP regulations, promulgated in October 2008, were not inflexible and did not include the requirement of Regional Director approval of RCC placements beyond six months. (Report and Recommendation, (Doc. 10 at 7 to 8)). The magistrate judge made this determination without the benefit of the BOP guidance memorandum of November 14, 2008. (Gov. Ex. 1 (Doc. 12-2 at 2 to 4)). While this guidance memo reasserts, in stronger terms, the requirement that RCC placements beyond six months receive regional director approval (see Krueger v. Martinez, No. 09-1116, 2009 WL 2876861 (M.D. Pa. September 3, 2009)), that alone does not support the conclusion that exhaustion would be futile.

8

to, at the very least, submit an administrative remedy request to the Warden); Breazeale v. Shultz, 09-2118, 2009 WL 1438236 at *3 (D.N.J. May 19, 2009) (same). For these reasons the court does not consider exhaustion to be futile.

Second, Petitioner Drummond argues generally that he would be prejudiced or irreparably harmed by "a time constraint" if required to exhaust the BOP Administrative Remedy Program. (Pet. at 3). Drummond notes that because the administrative remedy program consumes seven to eight months, he did not have sufficient time to exhaust it before July 5, 2009 (the date on which he would have been transferred to RRC if he was granted the statutory maximum of twelve months). (Pet'r Traverse at 1 (Doc. 9 at 1)). Drummond could have begun the BOP Administrative remedy process as early as October 23, 2008, when he was recommended for 150-180 days of placement. This review, generously crediting petitioner's estimated eight months for exhaustion, would have been completed by June 23, 2009. Petitioner argues that he was not aware of the BOP's purported misapplication of the Second Chance Act until Strong, supra, was decided by the United States District Court for the District of New Jersey on February 26, 2009. Even accepting this argument, petitioner could have at least initiated the BOP's three-step administrative process at that time. Had he done so, petitioner could have made substantial progress in the three-step process by the time he filed the instant petition. Given petitioner's reliance on Strong, it is instructive to note that decision's reliance on the fact that the petitioner there had already completed one full round of BOP review prior to petitioning, though

he had not fully exhausted his administrative remedies.[6] The facts here demonstrate an unwillingness by the petitioner to seek out administrative remedy. As such, the petitioner had adequate time to exhaust, or at least initiate his administrative remedies and is not prejudiced by refusing to excuse exhaustion at this point.

Apart from his argument that he ought be excused from the exhaustion requirement, petitioner argues that exhaustion is not applicable to him insofar as he challenges the validity of the BOP's April 14, 2008 guidance memorandum, not its application. (Pet. at 3). Petitioner extends this argument in his traverse, stating that while the court in Strong noted that the BOP had issued regulations on October 21, 2008, the BOP has since issued its November 14, 2008 guidance memorandum. From this position, Drummond argues that he is similarly situated to the petitioner in Strong insofar as he purports to be challenging the validity of a November 14, 2008 BOP guidance memorandum. (Trav. at 1 to 2). In this sense, petitioner mis-characterizes Strong as relying on one factor– the fact that the prisoner in that case was challenging the validity of the April 14, 2008 guidance memorandum. (Id. at 2). As noted above, in deciding to waive the exhaustion requirement, the court in Strong relied equally on the fact

---

[6] In Strong, the facts show that the petitioner received reconsideration for RRC placement partly because he had exhausted his administrative remedies. The petitioner in that case sought twelve-month pre-release placement because he had been diagnosed with HIV/AIDS and needed to obtain medical care and substance abuse treatment before securing employment. Strong, 599 F.Supp. 2d at 560. After fully exhausting his complaint within the BOP, the petitioner was able to receive an increase from sixty days to six months pre-release placement. Subsequently, the petitioner felt his particular circumstances warranted yet more time in an RRC, which led him to petition in federal court. Id. at 561.

that the petitioner there had substantially exhausted his administrative remedies. 599 F. Supp. 2d at 561 ("Moreover the purposes of exhaustion would not be served by requiring <u>a second round</u> of exhaustion, since Strong is challenging the validity of the BOP's April 14, 2008, guidance, not its application." (emphasis added)). This court simply notes that the purposes of exhaustion would be served by requiring the petitioner in this case to initiate his administrative remedies.

Accordingly, the court will dismiss the petition for a writ of habeas corpus pursuant to Section 2241for failure to exhaust administrative remedies.[7] An appropriate order follows.[8]

---

[7] Because the court finds that Drummond's petition for a writ of habeas corpus shall be denied for failure to exhaust administrative remedies, the merits of his claim will not be addressed in this proceeding.

[8] The court also finds that Petitioner Drummond is not entitled to a writ of mandamus under 28 U.S.C. § 1361. To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. <u>See Cheney v. U.S. Dist. Court for Dist. of Columbia</u>, 542 U.S. 367, 380-81 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.'") (citing <u>Heckler v. Ringer</u>, 466 U .S. 602 (1984)). The petitioner in this case has no clear right to relief and the action he seeks on the part of the BOP is discretionary. Finally, the petitioner has other adequate remedy– including administrative review (which he has not sought), and the writ of habeas corpus (which he has sought and is hereby denied).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DRUMMOND,<br>　　　　Petitioner | : | No. 3:09cv1258 |
| v. | :<br>:<br>: | (Judge Munley) |
| JERRY C. MARTINEZ, Warden<br>LSCI Allenwood,<br>　　　　Respondent | : | |

## ORDER

**AND NOW**, to wit, this 5th day of October 2009, the report and recommendation of the magistrate judge (Doc. 10) is **ADOPTED** and the petitioner's objections (Doc. 11) are **OVERRULED.** The instant petition for a writ of habeas corpus (Doc. 1) is hereby **DENIED**. The Clerk of Court is directed to **CLOSE** the case.

　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　**United States District Court**